IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| VERVE, LLC, | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| vs. | § | CAUSE NO. A09CA 823 JN |
| | § | |
| RUSSELL WHITE, THE RUSSELL | § | |
| WHITE LLC, AND AFFINITY LABS, LLC | § | |
| Defendants. | § | |

## DEFENDANTS' NOTICE OF REMOVAL

Defendants Russell White, The Russell White LLC, and Affinity Labs of Texas LLC ("Defendants") file this Notice of Removal of the civil action filed against them by Verve, LLC ("Plaintiff") to the United States District Court for the Western District of Texas, Austin Division. In support hereof, Defendants respectfully submit the following:

1.

Plaintiff filed this civil action in the 419th Judicial District Court of Travis County, styled *Verve, LLC v. Russell White, The Russell White LLC, and Affinity Labs of Texas LLC*, Cause No. D-1-GN-09-003508 (the "State Action"). Plaintiff seeks monetary damages against Defendants for alleged conspiracy with or aiding and abetting of a third-party's breach of fiduciary duties. Plaintiff seeks recovery of actual damages, as well as attorneys' fees and punitive damages.

2.

The State Action was commenced by the filing of the Plaintiff's Original Petition on October 12, 2009. The earliest service of Citation and Original Petition on the Defendants was October 14, 2009, when Plaintiff served all Defendants.

3.

The Notice Removal is filed within thirty (30) days of the first such service as required by 28 U.S.C. §§ 1441 and 1446(b).

4.

Defendants' Original Answer was filed in the State Court on November 9, 2009.

5.

**Basis for Removal**

In its Petition, Plaintiff alleges that Defendants aided and abetted, or conspired with, a third-party named Kevin Imes to breach fiduciary duties Imes allegedly owed Plaintiff Verve, LLC. The Petition intentionally provides very few details of the alleged breach of fiduciary duties or the underlying conduct of which Plaintiff complains.

The underlying conduct not explained in the Petition is that Plaintiff contends Defendants aided and abetted or conspired with Imes to commit a breach of fiduciary duty against Plaintiff by the act of Imes' assigning rights in one or more patents to Defendants. Imes is a named inventor on a patent and its continuations, which all share an identical specification. The filing date for each of these patents is March 28, 2000. Plaintiff contends that it somehow gained unidentified rights in the patents several years after March 28, 2000, because Imes was at one time a member in Verve, LLC.

This case relates to an arbitration proceeding pending between Imes and Verve, LLC for Verve's breach of a settlement agreement.[1] The settlement agreement concluded a lawsuit that was pending in this Court when it settled, *Imes v. Galasso, et al.*, Cause No. A-07-CA-169-SS. Verve, LLC removed that action to this Court under federal question jurisdiction because it

---

[1] Verve has asserted counterclaims against Imes in the arbitration proceeding relating to this same patent assignment.

Case 1:09-cv-00823-JRN   Document 1   Filed 11/12/09   Page 3 of 6

related to federal patent law. Under the same reasoning used by Verve, LLC in that action, this action must also proceed in federal court under federal question jurisdiction.

Defendants can remove any civil action over which federal district courts have original jurisdiction. 28 U.S.C. § 1446(a)-(b). This Court has original jurisdiction under 28 U.S.C. § 1331 because this case is a civil action "arising under the Constitution, laws, or treaties of the United States." The Court likewise has jurisdiction under 28 U.S.C. § 1338(a), which grants federal district courts with original and exclusive jurisdiction over "any civil action arising under any Act of Congress relating to patents."

Jurisdiction under Section 1338(a) extends "to those cases in which a well-pleaded complaint establishes . . . that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal patent law, in that patent law is a necessary element of one of the well-pleaded claim." *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 808-09 (1988).

In this action, it is Verve's burden to show that it had an interest in the patent or patents at issue such that Imes' assignment of an interest in that patent or patents was a breach of Imes' alleged fiduciary duty to Verve. Verve must meet this burden before it can make any claims against Defendants for alleged aiding and abetting or conspiracy with Imes. Otherwise, no claim exists against Defendants. Whether a party has an assignable interest in a patent is a federal question arising under patent laws. Verve's suit, therefore, necessarily requires that the Court resolve substantial questions of federal patent law.

6.

Attached hereto as Exhibit A are true copies of all documents filed in the 126th Judicial District Court of Travis County, Texas:

    1.    Docket Sheet from the State Court:

    2.    Original Petition (10/12/09);

3. Defendants' Original Answer (11/9/2009); and

4. Defendants' Notice of Filing Notice of Removal to the United States District Court (11/12/09).

## PRAYER

Defendants pray that this Notice of Removal be filed; that the State Action be removed to and proceed hereafter in this Court; and that no further proceedings be had in the 419th Judicial District Court of Travis County, Texas.

Respectfully submitted,

THE FIELD LAW FIRM

Scott King Field
State Bar ID No. 00793725
9442 Capital of Texas Hwy. North
Arboretum Plaza One, Suite 500
Austin, Texas 78759
(512) 343-3663
(866) 271-4431 (fax)
Email: scott@thefieldlawfirm.com

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of this motion or pleading has been served on November 12, 2009 on the counsel listed below by facsimile:

        Michael Sean Quinn
        Quinn, Hayes & Quinn
        5511 Parkcrest Drive, Suite 107
        Austin, Texas 78731

                                    Scott King Field